IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHAWN MARTIN, <br> Institutional ID No. 229898 <br><br> Plaintiff, <br><br> v. <br><br> LUBBOCK POLICE DEPARTMENT, <br> *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | No. 5:25-CV-215-BV |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pro se Plaintiff Christopher S. Martin filed a document that has been docketed as a motion for miscellaneous relief. Dkt. No. 16. The Court liberally construes the filing as a motion for reconsideration and for preliminary injunction. For the reasons explained below, the undersigned recommends that the United States District Judge **DENY** the motion.[1]

### 1. Procedural Background

On September 15, 2025, Martin filed a motion titled "Motion to Compell [sic]" which the Court liberally construed as a motion for a preliminary injunction and ultimately denied. Dkt. Nos. 5, 11. On October 24, Martin filed the instant document that appears to be a response to the Court's order denying the motion for preliminary injunction. *See* Dkt. No. 16 at 1 ("In Regards to the Order to deny the Cease and dissist [sic] to Protect Me Christopher Martin Against Retaliation [sic all]. . . ."). Martin also asks the Court to protect him from

---

[1] Martin has not consented to proceed before a magistrate judge; therefore, the undersigned makes these findings, conclusions, and recommendation (FCR) in accordance with the order of transfer, Dkt. No. 12.

criminal prosecution. *See id.* at 1 (requesting the Court to "[protect him] from any prosecution thereafter"). And he requests that the Court subpoena records from University Medical Center and "assist in relief" based on hospital bills. *Id.* at 8, 9. Finally, he appears to assert at least one new constitutional claim. *Id.* at 6, 12.

The Court liberally construes the motion as a Rule 59(e) motion for reconsideration of his preliminary injunction request and a motion for preliminary injunction to enjoin his criminal prosecution, as well as a motion for subpoena and to pay hospital bills.

## 2. Legal Standards

### A. Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, a motion for reconsideration "may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because Martin filed his motion for reconsideration within 28 days of the Court's denial of his motion for preliminary injunction, the Court construes the motion as a request for relief under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

To prevail on a motion to alter or amend judgment under Rule 59(e), the movant must show: (1) an intervening change in the controlling law; (2) newly discovered evidence that was previously unavailable; or (3) a manifest error of law or fact. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Courts have "considerable discretion" to grant or deny

relief under Rule 59(e), although it is considered an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### B. Motion for Preliminary Injunction

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue").

### 3. Analysis

In its previous order denying Martin's motion for preliminary injunction, the Court explained that he did not "allege specific facts that clearly show a threat of immediate and irreparable injury," and "[h]is vague mention of retaliation for filing this lawsuit, without more, is not sufficient." Dkt. No. 11 at 2. In his new motion, Martin does not allege new evidence or a change in the law as a reason for reconsidering his request. Dkt. No. 16. He also does not demonstrate any manifest error of law or fact. *Id.* Indeed, he fails to offer *any* reason the Court should reconsider his motion, other than providing additional details that he could have provided initially. Martin has thus failed to meet his burden under Rule 59(e).

To the extent Martin asks the Court to enjoin any state criminal prosecution against him, he has not shown a substantial likelihood of success on the merits of his claims which remain pending judicial screening under 28 U.S.C. § 1915(e)(2). He has also not alleged any facts showing that he is subject to irreparable injury or identified any public interest that would be served by issuing an injunction. Finally, his request is not narrowly drawn. Martin has thus failed to meet the elements required to justify issuance of a preliminary injunction.

Further, the *Younger* abstention doctrine may require the Court to refrain from considering his request for injunctive relief. On the minimal facts alleged, the Court cannot determine whether it has subject-matter jurisdiction to afford such relief. "Generally, federal courts should not interfere with ongoing proceedings in state courts." *Netflix, Inc. v. Babin*, 641 F. Supp. 3d 319, 333 (E.D. Tex. 2022), *aff'd*, 88 F.4th 1080 (5th Cir. 2023); *see* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"); *see also King v.*

*Shannon*, No. 3:17-CV-2922-K-BN, 2017 WL 6044091, at *3 (N.D. Tex. Oct. 25, 2017) (noting that if *Younger* applies, "a federal action requesting an injunction, whether preliminary or permanent, that falls squarely within the *Younger* abstention doctrine has no likelihood of success on the merits" (internal quotation marks and citation omitted)), *R. & R. adopted by* 2017 WL 6033892 (N.D. Tex. Dec. 5, 2017). Martin has not alleged any facts or legal basis justifying the Court's interference with state-court proceedings.

Turning to Martin's request to "assist in relief of all hospital bills" and to subpoena documents from University Medical Center for "records of injury," the Court again notes that his underlying claims remain pending judicial screening. Dkt. No. 16 at 8, 9.[2] Thus, Martin's request to subpoena documents is premature at this point since discovery is stayed. Dkt. No. 10 at 2 ¶ 6. And the Court cannot order government officials to pay Martin's medical bills.

Finally, Martin appears to assert a new claim that is factually and legally distinct related to not having an attorney present at his arraignment hearing. Dkt. No. 6 at 6, 12. If Martin seeks to allege a new § 1983 claim against Defendants, he may file a new lawsuit. But his present motion is not the proper vehicle to raise a new claim. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (providing that a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued" or to "argue a case under a new legal theory" (internal citations and quotation marks omitted)); *Guthrie v. Niak*, No. 4:12-CV-1761, 2013 WL 5487936, at *6 (S.D. Tex. Sept. 27, 2013)

---

[2] In addition, the Court has already issued an order for authenticated records to help determine whether his claims survive screening. *See* Dkt. No. 13. That order does not require Martin to subpoena records or to otherwise make discovery requests.

5

("To the extent [p]laintiff's motion seeks to add new claims, he cannot do so via a motion for preliminary injunction.").

### 4. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge **DENY** the motion for reconsideration and request for injunctive relief, as well as Martin's requests for miscellaneous relief. Dkt. No. 16.

Once this FCR has been docketed, the Clerk is **DIRECTED** to refer it to United States District Judge James Wesley Hendrix for final disposition.

### 5. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 7, 2025.

*Amy Burch*
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE